Daniel, J.
 

 The bond was iudorsed by the defendant in Virginia. The judge instructed the jury, that, upon the evidence offered in the case, the plaintiff was entitled to recover
 
 ;
 
 and we agree with his Honor. It is certainly true, that the consequence of not
 
 duly
 
 presenting a bill or note is, that all the antecedent parties are discharged from their liability, whether on the instrument or on the consideration for which it was given, except the maker of a note or bond and the acceptor of a bill, who are in law the principal debtors on the same. 1 Leigh’s Nisi Prius, 442, and the cases there cited. But it is equally true, that, as the rule, requiring notice to be given in a reasonable time of a demand and refusal to pay, was intended for the benefit of the party entitled to it, that party may waive the consequence of a neglect of giving due
 
 notice;
 
 and the waiver may be either express, or implied from circumstances. It has been held that the subsequent promise to pay the debt, when the promisor had full knowledge of all the facts, which in law would have discharged him, will dispense with proof of notice. But the promise must be express, unconditional and'unequivocal, to
 
 *349
 
 operate as a waiver of due notice of the dishonor oí a bill. In this case it appeared, that an express promise was made by the defendant, with a full knowledge of all the facts, •which, supposing the law of Virginia to be the same as ours, would have exonerated him from liability on his indorsement, and he is liable on it. See all the cases collected, Leigh’s N. P. 456, 457. The judgment must be affirmed.
 

 Pkr Cumam. Judgment affirmed.